IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GEORGE RAY CRITTON, JR.                                                              PLAINTIFF

vs.                          Civil No. 06-1055

MICHAEL J. ASTRUE[1]                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      George Ray Critton, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Dkt. No. 7).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**Background:**

      The applications for DIB and SSI now before this Court was protectively filed on May 3, 2004. (Tr. 106). The applications allege an onset date of January 4, 2001 due to back pain,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Dkt. No." The transcript pages for this case are referenced by the designation "Tr."

1

migraine headaches, and leg problems (Plaintiff claims that his legs "give out").  (Tr. 14).  An administrative hearing was held on September 2, 2005 in El Dorado, Arkansas.  (Tr. 13).  The Plaintiff was present at the hearing.  (Tr. 13).

On December 2, 2005, the Administrative Law Judge ("ALJ") issued a written opinion.  (Tr. 5).  The ALJ concluded the Plaintiff had not engaged in substantial gainful activity at any time since the onset date.  (Tr.13).  The ALJ also found the Plaintiff suffered from severe impairments, although the ALJ did not indicate which of the Plaintiff's claimed impairments were "severe."  (Tr. 13).  The Plaintiff complained of impairments due to a back injury, abdominal and head pain, visual problems, obesity, leg problems, dizziness, internal bleeding, and high blood pressure.  (Tr. 13, 32).  The ALJ, however, found that these impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 18).  The Plaintiff was thirty years old and had completed high school and two years of college. (Tr. 13, 33).

The ALJ evaluated the Plaintiff's residual functional capacity ("RFC") and concluded that the claimant was still able to perform "light work."  (Tr. 15).  The ALJ examined and considered the testimony of vocational expert ("VE") Dianne Smith.  (Tr. 17).  The Plaintiff's PRW included jobs as a security guard, construction worker, plant worker, and clothing salesman.  (Tr. 13).  The VE testified that, even with his RFC and other impairments, the Plaintiff was still able to perform, in addition to many other jobs, his PRW as a security guard.  (Tr. 17).  Based upon this testimony, the ALJ concluded that the Plaintiff was not disabled.  (Tr. 17).

On April 7. 2006, the Appeals Council declined to review this decision.   (Tr. 5).  Subsequently, Plaintiff filed this action *pro se.*  (Dkt. No. 1).  This case was referred to the undersigned on February 21, 2007.  The Commissioner and the Plaintiff have filed appeal briefs.

(Dkt. Nos. 10-11). This case is ready for decision.

**Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve

3

consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

The ALJ concluded that the Plaintiff met the disability requirements for Steps 1 and 2 of this analysis, but the ALJ concluded that the Plaintiff was unable to meet the disability requirements for Steps 3 and 4.  (Tr. 18, Findings 1-7).  In the Plaintiff's appeal brief, the Plaintiff essentially contends that there is no substantial evidence to support the ALJ's determination as to Steps 3 and 4.[3]  (Dkt. No. 10, Pages 1-4).

---

[3] The Plaintiff is a *pro se* litigant and filed a hand-written appeal brief in this action. (Dkt. No. 10).  The Court has attempted to give a faithful recitation of his arguments and to fully consider those arguments in accordance with the governing law.

**A. Review of the ALJ's Step 3 Analysis**

The ALJ determined under Step 3 that the Plaintiff had a history of treatment for hypertension, headaches, and obesity, but he did not have an impairment or a combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 18, Finding 3). The ALJ noted that the medical evidence did not establish the existence of a sufficiently severe impairment. (Tr. 13). The Plaintiff claims he is disabled and he meets the requirements of the Social Security Regulations. (Dkt. No. 10, Page 1). The Plaintiff claims he suffers from severe migraines, troubling back pain, leg problems, and bad vision. *Id.* The Plaintiff also claims he cannot stand "loud noises or bright lights." *Id.* The Plaintiff claims these impairments cause him to be disabled. *Id.* The Plaintiff does not claim that he suffers from a mental impairment.[4] *Id.* (Tr. 15).

The relevant time period for reviewing these medical records for the DIB application began on January 4, 2001 when the Plaintiff contends he became disabled and ended on September 30, 2005 when the Plaintiff last satisfied the DIB insured status requirements. *See Pyland v. Apfel,* 149 F.3d 873, 876-77 (8th Cir. 1998). The relevant time period for reviewing these medical records for the SSI application began on May 20, 2004 when the SSI application was filed and ended on December 2, 2005 when the ALJ's final decision was entered. *See Cruse v. Bowen,* 867 F.2d 1183,

---

[4] Even though the Plaintiff does not claim that he has a mental impairment, the Plaintiff was examined by a psychiatrist, Dr. Khalid Mahmood. (Tr. 15). Dr. Mahmood examined the claimant at the request of the Social Security Administration. *Id.* Dr. Malmood found that the Plaintiff had no lability, mental confusion, disorientation, deficits in judgment or word finding deficits but that the Plaintiff did have adjustment disorder with disturbance of emotion. *Id.* Based upon Dr. Malmood's testimony, the ALJ determined this was not a severe mental impairment within the meaning of the Social Security Administration regulations. *Id.*

1185 (8th Cir. 1989).

The ALJ's determination that the Plaintiff was not physically disabled was based upon medical records received from Dr. Anderson-Doze and Dr. Ivy McGee-Reed. (Tr. 15). The Plaintiff has submitted additional medical records with his appeal brief that were not submitted to or considered by the ALJ. (Dkt. No. 10, Pages 5-12). The additional medical records dated June 14, 2001 are from Dr. Aftab Karim from the Department of Neurosurgery in the College of Medicine in Little Rock, Arkansas, and the records dated December 20, 2004 are from a physician at the David Raines Community Health Center.[5]  *Id.*  All of these medical records indicate that the Plaintiff suffered from a number of varied medical problems. (Tr. 122-172).

The medical records from Dr. Anderson-Doze reviewed by the ALJ range from January 18, 2001 through April 28, 2003. (Tr. 122-135). Dr. Anderson-Doze was the Plaintiff's primary treating physician. (Tr. 14). The medical records indicate that Dr. Anderson-Doze found that the Plaintiff had chronic headaches, serious otitis media, obesity, hypertension, possible seasonal allergies, "questionable seizure disorder," back pain, possible hemorrhoids, and lower gastrointestinal bleeding. (Tr. 122-135). Dr. Anderson-Doze also stated on September 5, 2003 that "the patient [Plaintiff] has essentially been unable to function at meaningful employment over the past 1 ½ to 2 years," and she requested that the ALJ "support his [Plaintiff's] request for Disability until he is able to resume his usual activities and his symptoms are brought under control." (Tr.

---

[5] In his appeal brief, the Commission raises the issue of whether these late-filed medical records should be considered by this Court. (Dkt. No. 11, Pages 10-13). This Court finds that the Plaintiff has not established good cause for his failure to timely submit these medical records. *See* 42 U.S.C. § 405(g). Further, this Court finds that the March 1, 2006 progress note is dated subsequent to the ALJ's decision on December 2, 2005 and is not relevant to the time period under consideration. *See Cruse,* 867 F.2d at1185.

125). Dr. Anderson-Doze stated that the Plaintiff "is too debilitated to maintain meaningful employment." (Tr. 125). Dr. Anderson-Doze also referred the Plaintiff to a neurosurgeon. (Tr. 156). Additional medical records from Dr. Ivy McGee-Reed also indicate that the Plaintiff suffered from muscle aches secondary to trapezius spasms, headaches secondary to muscle spasms, a history of concussions, and questionable generalized seizures. (Tr. 15, 166-172).

      The Plaintiff did not indicate which of his impairments qualify under which of the listings in the Social Security Administration regulations. (Dkt. No. 10, Pages 1-4). Upon review of the listings and of the Plaintiff's impairments, the Plaintiff's only impairment that may qualify under the listings in Appendix 1, Subpart P, Regulations No. 4 is the Plaintiff's alleged seizure disorder or epilepsy. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Neurological). The Plaintiff, however, has not provided any evidence that he suffered from epilepsy. Dr. Anderson-Doze and Dr. McGee-Reed stated that Plaintiff had a questionable seizure disorder. (Tr. 15, 126, 166-172). Dr. Anderson-Doze recommended that the Plaintiff have an EEG to determine whether he has physical or psychological seizures. (Tr. 126). The record indicates that the Plaintiff never had this EEG performed, and the Plaintiff admitted that he had not had an EEG to date. (Dkt. No. 10, Page 2). Without this evidence, the Plaintiff has not met his burden of establishing that his impairments qualify under any of the listings in the Social Security Administration regulations. *See Cox v. Apfel*, 160 F.3d at 1206.

**B. Review of the ALJ's Step 4 Analysis**

      The ALJ concluded that the Plaintiff had the RFC for light work. (Tr. 15). "Light work . . . "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . standing and/or walking with normal breaks for a total of about 6

hours in an 8-hour workday . . . sitting with normal breaks for a total of about 6 hours in an 8-hour workday . . . some pushing and pulling of arm and leg controls (20 CFR 404.1567 and 416.967)." *Id.*

The ALJ based this RFC determination upon the Plaintiff's medical records. (Tr. 16). These medical records do not state that the Plaintiff has any work limitations. *Id.* For instance, the Plaintiff alleged he could only stand for 15 minutes and could walk very little. *Id.* The ALJ, however, noted that no physician in the record had placed this limitation on the Plaintiff. *Id.* It is the Plaintiff's burden to establish any physical limitations and to support the claimed limitations with evidence in the record. *See Cox v. Apfel*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Since the Plaintiff has not met his burden of establishing any work limitations, the ALJ's determination based upon the Plaintiff's medical records that the Plaintiff can perform "light work" is supported by substantial evidence. *See Stormo v. Barnhart,* 377 F.3d 801, 807-08 (8th Cir. 2004) (holding that there was substantial evidence to support the ALJ's RFC determination where the ALJ relied upon the medical records of the claimant to determine the claimant's RFC).

The ALJ also properly considered the Plaintiff's subjective allegations pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). In evaluating these subjective complaints, the ALJ is required to give careful consideration to all avenues presented that relate to such matters as: (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain, (2) precipitating and aggravating factors (*e.g.,* movement, activity, environmental conditions), (3) type, dosage, effectiveness, and adverse side-effects of any pain medication, (4) functional restrictions, and (5) the claimant's daily activities. *See id.* The ALJ must consider the *Polaski* factors when evaluating the Plaintiff's subjective allegations of pain. *See Cline v. Sullivan,* 939 F.2d 560, 565

(8th Cir. 1991). The ALJ, however, is not required to discuss every *Polaski* factor in great depth as long as the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints of pain. *See Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004).

In the present action, the ALJ considered the *Polaski* factors. (Tr. 15-16). After the ALJ considered those factors, the ALJ determined that the Plaintiff's subjective allegations were not borne out by the record and were not fully credible. (Tr. 16-17). The ALJ based this credibility determination on the following: (1) there was an absence of any objective medical findings to support the Plaintiff's allegations of disabling pain and (2) the Plaintiff was able to perform various daily activities including taking care of his personal needs, changing sheets, preparing small meals, attending church, watching television, listening the radio, and reading without a problem. (Tr. 16-17). The ALJ also noted that the Plaintiff's mother's testimony was not credible because she was motivated in part by a desire to see her son obtain benefits and because her testimony was based upon an uncritical acceptance of the claimant's complaints. (Tr. 16-17). *See Hall v. Carter,* 109 F.3d 1255, 1258 (8th Cir. 1997); *Siemers v. Shalala,* 47 F.3d 299, 302 (8th Cir. 1995).

This Court is required to accept the credibility determination of the ALJ if that determination is supported by substantial evidence even if the ALJ does not discuss every *Polaski* factor in detail and even if the ALJ has an "arguable deficiency in opinion-writing technique." *Strongson,* 361 F.3d at 1072 (citing *Benskin v. Bowen,* 830 F.2d 878, 883 (8th Cir. 1987)). In this case, the ALJ determined that the Plaintiff's complaints were not credible. (Tr. 14). Even though the ALJ did not list every *Polaski* factor and did not detail all of the evidence supporting each of these factors, the ALJ's decision was based upon several findings. (Tr. 16-17). Because the ALJ gave several valid reasons for finding that the Plaintiff's and the Plaintiff's

mother's testimony were not entirely credible, the ALJ's credibility determination is entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007); *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).

The ALJ also properly relied upon the VE for determining that, based upon his RFC and other limitations, the Plaintiff could return to his PRW as a security guard. *See Depover v. Barnhart,* 349 F.3d 563, 566 (holding that a VE's response to a properly posed hypothetical question supplied substantial evidence to support ALJ's finding that claimant could return to PRW).

**Conclusion:**

It is the Plaintiff's burden to establish that he is disabled. *See Cox v. Apfel*, 160 F.3d at 1206. This Court has reviewed all of the relevant medical records and briefing in the case, and the Plaintiff has not met that burden. Accordingly, after a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 4th day of April, 2007.

/s/  Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge